UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: THE MATTER OF LA CARRIERS, LLC, AS OWNER AND OPERATOR OF THE M/V LADY TEREA, PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO.: 22-02443<br><br>SECTION: H (2)<br><br>JUDGE JUDGE JANE TRICHE MILAZZO<br><br>MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT<br><br>ADMIRALTY - RULE 9(H) |

**MEMORANDUM IN SUPPORT OF *EX PARTE* MOTION FOR APPROVAL OF SECURITY, RESTRAINING ORDER, NOTICE TO CLAIMANTS AND OTHER RELIEF**

**MAY IT PLEASE THE COURT:**

Limitation Petitioner, LA Carriers, LLC ("LA Carriers"), as owner of the M/V LADY TEREA, her engines, tackle, gear, furniture, appurtenances, etc. (hereinafter "the Vessel"), filed a Complaint for Exoneration from or Limitation of Liability [R. Doc. 1], in accordance with the Limitation of Liability Act, 46 U.S.C. §§ 30501, *et seq.* ("Limitation Act") and Rule F of the Supplemental Rules for Admiralty or Maritime Claims, in connection with the alleged casualty described in the Complaint.

A vessel owner who faces potential liability for a maritime casualty may file suit in federal court seeking exoneration and/or limitation of liability pursuant to the Limitation Act. *See* 46 U.S.C. §§ 30501, *et seq*. The Limitation Act allows a shipowner, who lacks privity or knowledge, to limit liability for damages arising from a maritime accident to the value of the vessel and its pending freight. *Id.* § 30505. Rule F of the Supplemental Rules for Admiralty or Maritime Claims sets forth the procedure for bringing a limitation action, which involves several initial or preliminary steps including the approval of security representing the limitation petitioner's

financial interests in the vessel, ordering that any claims from the period of the voyage in question be filed with the court, and entering an order enjoining further prosecution of any state court actions related to the facts giving rise to the limitation action. SUPP. R. F FOR CERTAIN ADM. AND MAR. CLAIMS ("Rule F").

The principal reason for a limitation action is to effect a concursus of all claims against the alleged "offending vessel." Other equally important reasons are to limit the owner's potential liability and preserve limitation should a claimant attempt to pursue the Vessel's owner in a state court proceeding. *See Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992) ("When a shipowner files a federal limitation action, the limitation court stays all related claims against the shipowner pending in any forum, and requires all claimants to timely assert their claims in the limitation court."). "The court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Id.* (citing *Langnes v. Green*, 282 U.S. 531, 543 (1931)). Implicit in the procedures under Rule F and the Limitation Act is that the Court and the vessel owner proceed *ex parte* until the Court effectuates the necessary orders. Once the limitation petitioner commences its action, the district court "secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001). Accordingly, entry and execution of an Order approving security, restraining the prosecution of claims, and providing notice to all claimants is necessary to protect LA Carriers' rights under the Limitation Act, Rule F, and the General Maritime Law.

At the conclusion of the voyage described in the Complaint, the fair market value of the M/V LADY TEREA was ONE MILLION THREE HUNDRED AND FIFTY THOUSAND DOLLARS AND NO/100 ($1,350,000.00) total, and she had no pending freight. Accordingly, the

total value of Limitation Petitioner's interest in the LADY TEREA is the aforementioned amount, and her pending freight is zero. (*See* Declaration of Value attached hereto as **Exhibit 1**).

Limitation Petitioner previously requested a temporary dispensation of the requirement to post security in this action [R. Doc. 2], which the Court granted on August 3, 2022 [R. Doc. 4]. Limitation Petitioner has secured the necessary security and now files an *Ad Interim* Stipulation and Bond for the first ONE MILLION DOLLARS AND NO/100 ($1,000.000.00) (attached hereto as **Exhibit 2**) and a Letter of Undertaking for the remaining THREE HUNDRED AND FIFTY THOUSAND DOLLARS AND NO/100 ($350,000.00) plus interest (attached hereto as **Exhibit 3**) to provide security for such aforementioned claims conditioned to respond for any greater or lesser amount which the Court may determine to be the value of the Vessel and freight involved. Any claimant who may plan to arrest the Vessel in respect to matters arising out of the Incident in question or as fully secured by the Letter of Undertaking or who has a claim arising out of the Incident, as more fully described in the Complaint, should be restrained from proceeding in any action other than this one and any arrests should be restrained or resolved.

Wherefore, LA Carriers respectfully requests that this Honorable Court: (a) approve the security posted for the value of LA Carreirs' interest in the Vessel; (b) enter an Order restraining the prosecution of claims against LA Carriers and the Vessel; (c) enter an Order providing notice to all claimants; and (d) set the applicable monition period within which claimants are afforded an opportunity to answer and assert claims arising out of the incidents more fully described in the Complaint. Limitation Petitioner has provided draft form Orders for the Court to enter such necessary preliminary relief.

## CONCLUSION

For the reasons set forth herein, Limitation Petitioner LA Carriers, LLC respectfully requests that the Court grant this *Ex Parte* Motion for Approval of Security, Retraining Order,

Notice to Claimants, and other Relief and enter such orders as necessary under the Limitation Act and Rule F to invoke a concursus proceeding.

        Respectfully submitted,

        */s/ Jefferson R. Tillery*
        JEFFERSON R. TILLERY (La. Bar No. 17831)
        TARAK ANADA (La. Bar No. 31598)
        JONES WALKER, LLP
        201 St. Charles Avenue - 48th Floor
        New Orleans, Louisiana 70170-5100
        Telephone:  (504) 582-8000
        Facsimile:   (504) 589-8583
        E-Mail:      jtillery@joneswalker.com
                       tanada@joneswalker.com

        ***Attorneys for Limitation Petitioner, LA Carriers, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via this Court's CM/ECF system on this 5th day of August, 2022.

        */s/ Jefferson R. Tillery*
        JEFFERSON R. TILLERY